```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


EULALIO ZARATE ET AL.                    CIVIL ACTION

VERSUS                                   NO: 16-341

KEITH GUILLORY ET AL.                    SECTION: "J"(2)
```

## ORDER & REASONS

Before the Court is a *Motion to Remand to State Court for the Lack of Jurisdictional Requisite Amount of 75,000.00, and Imposition of Legal Sanctions* **(Rec. Doc. 9)** filed by Plaintiffs, Eulalio Zarate and Floriberto Sanchez, and an opposition thereto (Rec. Doc. 11) filed by Defendants Keith G. Guillory and A & G Trucking LLC. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This action consists of Plaintiffs Eulalio Zarate and Floriberto Sanchez's claims for damages arising out of an automobile accident that occurred on October 13, 2015. Plaintiffs allege that Defendant Keith Guillory was driving a commercial tractor-trailer vehicle owned by A & G Trucking LLC eastbound on Interstate Highway I-10 when he rear-ended an ambulance, leading to multiple subsequent collisions involving five vehicles. (Rec. Doc. 1-2.) Zarate was allegedly the owner of a 2014 BMW X3 involved

in the collision; Sanchez was allegedly the owner of a 2002 Ford F-150 involved in the collision. *Id.* at 2. Plaintiffs claim that their vehicles "sustained considerable/heavy damages" and that Zarate "suffered multiple personal injuries." *Id.*

Plaintiffs filed a petition for damages in state court on December 15, 2015. In the petition, Plaintiffs allege that the collision and resulting damages, including but not limited to the damages to Plaintiffs' automobiles, were caused solely by Guillory's negligence. *Id.* Plaintiffs seek "[p]roperty damages, vehicle depreciation and/or loss of vehicle value, vehicle loss of use and/or vehicle rental cost and/or expense, and towing and storage charges and/or fees." *Id.* at 3. In addition, Zarate "reserve[es] all additional rights in regard to any/all past, present and future damages," including "general and special damages and/or expenses, such as pain and suffering, mental anguish and emotional distress, loss of consortium, service, companionship, society, loss of wages, earnings, and/or earnings capacity and/or disability if any . . . plus all other proven damages costs." *Id.*

Plaintiffs assert that they submitted a claim for payment of property damages to United Financial Casualty Insurance Company, A & G Trucking's commercial vehicle insurance carrier, but Defendants have "arbitrarily, capriciously, and/or without probable cause and/or in bad faith" refused to pay Plaintiffs'

2

property damages. *Id.* at 4. Consequently, Plaintiffs claim that they are entitled to penalties, attorney's fees, and court costs pursuant to Louisiana Revised Statutes sections 22:1892 and 22:1973. *Id.* Accordingly, Plaintiffs pray that judgment be entered in their favor against Defendants "for the full amount and/or payment of property damages, plus legal interest, experts' fees, penalties and court costs" and for all equitable relief Plaintiffs are entitled as a matter of law. *Id.*

Plaintiffs' petition does not allege that their claims are above or below the federal jurisdictional requirement. However, Plaintiffs' counsel has provided property damage estimates of $24,903.26 for Zarate's BMW (Rec. Doc. 1-7, at 4) and $7,218.29 for Sanchez's Ford (Rec. Docs. 1-8, at 3). Shortly after the petition was filed, Plaintiffs' counsel contacted counsel regarding payment for their property damages. (Rec. Doc. 1-6.) Defendants' counsel asked whether resolution of the property damage claims would resolve the lawsuit or if Plaintiffs will also pursue personal injury damages. *Id.* at 1. To which Plaintiffs' counsel replied:

> "As you can imagine the force of your client's 18 wheeler's heavy impact caused severe injuries to our clients. In fact, they were rushed from the scene of the accident to the emergency room. Today, they continue to be treated for multiple severe injuries, including but not limited to broken arm, bulging and herniated disk . . . . Settlement offers will be provided in due course."

*Id.* Eight days later, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Rec. Doc. 1.)

Plaintiffs filed the instant *Motion to Remand* **(Rec. Doc. 9)** on April 19, 2016. Defendants Keith Guillory and A &G Trucking LLC opposed the motion on May 3, 2016. The motion is now before the Court on the briefs.

## **PARTIES' ARGUMENTS**

Plaintiffs contend that this Court lacks subject matter jurisdiction because the amount in controversy did not exceed $75,000 at the time of removal. (Rec. Doc. 9-1, at 5.) First, Plaintiff argues that their petition seeks only payment of property damages, loss of use, legal interest, statutory penalties, attorney's fees, and court costs. *Id.* at 2. Notably, Plaintiffs argue that this lawsuit does not include claims for additional damages for personal injuries resulting from the collision, because Zarate's rights were clearly and specifically reserved in the petition. *Id.* at 4. Second, Plaintiffs claim that, prior to removal, they agreed in writing to accept a clear offer made by United Financial's claim adjuster to settle the property damages to their vehicles. *Id.* at 3. For this reason, Plaintiffs argue that the damages to their vehicles cannot be included in the calculation of the amount in controversy. *Id.* at 4. Lastly, because Plaintiffs' counsel pointed out these issues to Defendants' counsel prior to removal, Plaintiffs assert that Defendants'

4

counsel knew or should have known that removal was improper. *Id.* at 8-9. Accordingly, Plaintiffs argue that they are entitled to costs and attorney's fees incurred as a result of the removal and sanctions pursuant to Louisiana Code of Civil Procedure article 863. *Id.* at 7-9.

In response, Defendants maintain that the amount in controversy for Zarate's claims exceeds $75,000. (Rec. Doc. 11.) First, taking into account the alleged damages to Zarate's vehicle, loss of use, and bad-faith penalties and fees, Defendants argue that the amount in controversy for Zarate's property-related claims is $92,727.21. *Id.* at 3. Defendants deny that any settlement was entered into between the parties, and they argue that the evidence submitted by Plaintiff in support of any supposed settlement is unauthenticated and inadmissible. *Id.* at 5. Second, Defendants argue that Zarate's personal injury claims should be considered for purposes of determining the amount in controversy. *Id.* According to Defendants, Plaintiffs' "reservation of rights" is an attempt to skirt Louisiana Code of Civil Procedure article 425, which mandates that they assert all causes of action in the same lawsuit. *Id.* Moreover, Defendants argue that Plaintiffs clearly intend to litigate those personal injury claims as part of this lawsuit, otherwise they would not have reserved their right to pursue them in the petition. *Id.* Based on correspondence with Plaintiffs' counsel indicating that Zarate suffered "multiple

5

severe injuries" including a bulging and herniated disc, Defendants argue that the amount in controversy has surely been exceeded. *Id.* at 4.

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. &*

6

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party can satisfy this burden either: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335.

If the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds the requisite amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). It is well settled that this is not a burden-shifting exercise; rather, the "plaintiff must make all information known at the time he files the complaint." *Id.* (quoting *De Aguilar*, 47 F.3d at 1412).

## DISCUSSION

The parties concede that complete diversity exists; therefore, the jurisdictional issue this Court must determine is whether this case meets the $75,000 amount-in-controversy requirement. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, La. Code

7

Civ. P. art. 893, the removing defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Grant*, 309 F.3d at 868. Defendants may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. *Id.*

The Court must look first to the petition itself to determine whether it is "facially apparent" that Plaintiffs' claims exceed the jurisdictional amount of $75,000. *Manguno*, 276 F.3d at 723. Here, Plaintiffs' petition demands damages for property damage to their vehicles, depreciation in value of the vehicles, loss of use of the vehicles, and towing and storage expenses. Further, Plaintiffs request statutory penalties and attorney's fees based on Defendants' alleged failure to reimburse Plaintiffs for the property damage that they claim. In addition, the petition states that Eulalio Zarate reserves his rights to all past, present, and future damages, including pain and suffering, mental anguish, emotional distress, loss of consortium, loss of wages, loss of earning capacity, and all other proven damages and costs. However, the petition does not contain a description of the nature and the extent of the property damage and personal injuries that Plaintiffs allegedly sustained. Thus, despite the detailed categorical descriptions of the damages sought, it is not "facially apparent" from the petition whether the jurisdictional amount is satisfied.

*See Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001).

Because the requisite jurisdictional amount is not facially apparent in the Plaintiffs' petition, the Court must now determine whether the Defendants have shown by a preponderance of the evidence, with "summary judgment like" proof, that the amount in controversy exceeds $75,000. *Id.* (quoting *De Aguilar*, 47 F.3d at 1412). In their Notice of Removal, the Defendants submitted estimates of the property damage to Plaintiffs' vehicles and a January 6, 2016 e-mail from Plaintiffs' counsel, indicating that her clients sustained multiple severe injuries, including a broken arm and a bulging and herniated disc. Defendants contend that this evidence establishes that Zarate's claims exceed the jurisdictional amount.

As an initial matter, the Court must determine whether the amount of property damage to Plaintiffs' vehicles is properly considered part of the amount in controversy, as Plaintiffs argue that they reached a settlement with Defendants regarding this damage prior to removal. Under Louisiana law, a contract is formed by the consent of the parties established through offer and acceptance. La. Civ. Code art. 1927. For a proposal to qualify as an "offer" it must reflect an intent to give the other party the right of concluding the contract by assent. *Knecht v. Bd. of Trustees for State Colleges*, 591 So. 2d 690, 694 (La. 1991). If

there is no such intent, the proposal cannot be considered an offer, but only an invitation to negotiate. *Delta Testing & Inspection, Inc. v. Ernest N. Morial New Orleans Exhibition Hall Auth.*, 699 So. 2d 122, 124 (La. App. 4 Cir. 1997).

Here, the evidence submitted by Plaintiffs shows that an insurance claim adjuster did not intend to make an offer to Plaintiffs. The adjuster wrote in an email to Plaintiffs' counsel that he wanted to attempt to resolve her clients' property claims. (Rec. Doc. 9-3, at 23.) The adjuster explained that "[t]here are a number of secondary and tertiary steps" that they would need to work through, and he asked Plaintiffs' counsel to get in touch with him "so [they] may explore settlement of these claims." *Id.* Thus, the adjuster's letter cannot be considered an offer, but only an invitation to negotiate. Accordingly, there was no settlement prior to removal; therefore, the property damage is an item to be considered in ascertaining the amount in controversy.

The Court must consider each Plaintiffs' damages separately. A single plaintiff may aggregate two or more of his own claims against a single defendant. *Snyder v. Harris*, 394 U.S. 332, 335 (1969). However, when multiple plaintiffs are injured in the same automobile accident, they cannot aggregate their claims to reach the jurisdictional amount in controversy. *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 782 n.3 (5th Cir. 1963). Of the two Plaintiffs, Zarate's claims involve a greater amount in

10

controversy. The evidence shows that the property damage to Zarate's BMW is estimated to be $24,903.26. Plaintiffs also allege towing and storage fees totaling $2,170.49 and loss of use damages totaling 3,835.32. Thus, the total amount is $30,909.07.

In addition to the above-mentioned claims, Plaintiffs seek statutory penalties and attorney's fees under Louisiana Revised Statutes sections 22:1973 and 22:1892. Courts consider these claims in assessing the amount in controversy. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Section 22:1973 provides that an insurer that breaches its "duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims" is subject to penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. "The amount of penalties to be awarded is not . . . based upon the amount of the damages claimed . . . but the amount of damages sustained by the breach." *Burley v. New York Life Ins. Co.*, 179 So. 3d 922, 933 (La. App. 3 Cir. 2015). If there are no damages proven as a result of the breach itself, then the maximum amount that can be awarded in penalties is $5,000 *Id.*

Under section 22:1892, the insurer is subject to a penalty "of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater," as well as reasonable attorney fees and costs, whenever the insurer arbitrarily, capriciously, or without probable cause

11

fails to make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim. If Zarate is able to recover a penalty of fifty percent of the damages claimed, the penalty would be $15,454.54. Thus, the amount in controversy for Zarate's claims for property damage and statutory penalties is $46,363.61.

Because Zarate's claims for property damage and penalties will not exceed $75,000, the central issue the Court must determine is whether the personal injury claims may be considered in calculating the amount in controversy. Defendants argue that the e-mail from Plaintiffs' counsel describing the personal injuries constitutes "other paper" that gave them notice that the case was removable. If the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In the Fifth Circuit, correspondence between the parties and their attorneys or between the attorneys, such as a post-complaint letter concerning settlement terms, is often accepted as "other paper" under § 1446(b). *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000).

Courts typically consider whether a post-complaint letter constitutes "other paper" in order to determine whether removal was timely. Where, as here, there is no dispute that the defendants timely removed the case, the issue is whether the letter can be considered as evidence of the amount in controversy. Any evidence submitted after the petition was filed may be considered if it is relevant to the amount in controversy at the time of removal. *See Gebbia*, 233 F.3d at 883. The January 6, 2016 e-mail was sent after the petition was filed but prior to removal. Therefore, the Court may consider the e-mail if it is relevant to the amount in controversy at the time of removal.

Here, the e-mail clarifies that Plaintiffs intend to seek personal injury damages in this case. Defendants correctly point out that if Plaintiffs intend to claim personal injury damages, they must do so in this case; any attempt to assert personal injury claims in a second suit is prohibited by Louisiana Code of Civil Procedure article 425. *See* La. Code Civ. Proc. art. 425. Article 425 requires a plaintiff in a tort suit to assert all elements of damages resulting from a single cause of action, otherwise he loses the right to enforce that portion of his claim which he failed to include in his suit. *Montgomery v. Am. Fire & Indem. Co.*, 366 So. 2d 201, 202 (La. App. 2 Cir. 1978). A plaintiff may not thereafter institute a second suit to assert an element of damages not included in the first suit. *Id.* "Louisiana courts hold that a

13

plaintiff cannot split his claims for personal injuries and property damage arising from the same accident." *McConnell v. Travelers Indem. Co.*, 346 F.2d 219, 223 (5th Cir. 1965). Thus, where personal injuries and property damage result from the same automobile accident, claims for property damages and personal injuries must be asserted in the same suit. *Fortenberry v. Clay*, 68 So. 2d 133, 135 (La. App. 1 Cir. 1953).

For example, in *Fortenberry v. Clay*, the plaintiff suffered personal injuries and automobile damages in the same automobile accident. *Id.* at 134. He first brought suit to recover for property damage to his truck, and thereafter he filed a second suit against the same defendants to recover for injuries he sustained in the accident. *Id.* After trial on the suit for property damage, judgment was awarded to the plaintiff. *Id.* When the defendants paid the judgment, the plaintiff executed a release in which he specifically reserved all rights in the personal injury suit which he had filed. Nevertheless, the court affirmed the dismissal of plaintiff's personal injury suit, because the plaintiff could not maintain another suit between the same parties arising out of the same accident. *Id.* at 135. "In order to have protected his claim for personal injuries after he had failed to demand damages therefor in his first suit, he should have either amended his petition or dismissed his suit as of non-suit and filed another suit including both claims." *Id*

14

In this case, the Plaintiffs did not demand personal injury damages in their original petition but instead reserved the right to do so. Plaintiffs could certainly protect their personal injury claims by amending the petition; however, an amendment is unnecessary because the reservation-of-rights provision has no effect on the damages they may recover. Louisiana Code of Civil Procedure article 862 allows a court to award all damages to which it feels a plaintiff is entitled, even if the plaintiff has not demanded such relief in the petition. La. Code Civ. Proc. art. 862. Here, Plaintiffs' petition sets forth the facts supporting their claim that Defendants negligently caused the accident, which resulted in both property damage and personal injuries. Therefore, if proven at trial, Plaintiffs could recover damages for personal injuries despite specifically reserving them in their petition. Similarly, if Plaintiffs are not awarded damages for personal injuries, article 425 precludes Plaintiffs from filing another suit to recover them.

The reservation of rights regarding Zarate's personal injury claims is similar to an allegation in a petition as to the insufficiency of damages for federal jurisdiction. Because the reservation of rights is not a binding stipulation or judicial confession, it is insufficient to defeat removal. Plaintiffs wishing to avoid removal often state in their petitions that the amount of damages does not meet the minimum required for federal

15

jurisdiction. However, "[i]n order for allegations within a state court petition to constitute a binding stipulation limiting damages below the federal jurisdictional minimum, warranting remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of damages suffered does not exceed $74,999.00." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 593 n.7 (M.D. La. 2010). The only way such a stipulation will be binding is if, within that stipulation, the plaintiff expressly renounces his right to recover in excess of $75,000 in the event he is awarded above that amount in state court. *Id.* at 593; *see also Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, No. 04-2971, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004) (holding that statement in petition in which plaintiffs waived and renounced their ability to be awarded any damages in excess of $74,999 constituted a binding judicial confession requiring remand).

Here, Plaintiffs do not expressly *renounce* the right to recover personal injury damages; they expressly *reserve* that right. Because the reservation of rights in the petition fails to provide that Zarate renounces the right to personal injury damages and will not accept more than $75,000 in the event he is awarded that amount in state court, it is not binding upon him and therefore does nothing to suggest the amount in controversy in this case.

16

Considering Zarate's personal injuries, Defendants have shown that the amount in controversy likely exceeds $75,000. Plaintiffs' counsel indicated in her e-mail that her clients sustained "multiple severe injuries" including a broken arm and a herniated disc. Plaintiffs' counsel's e-mail does not identify which of the Plaintiffs suffered the injuries, but Plaintiffs allege in their petition that only Zarate suffered injuries and only refer to Zarate's right to recover damages for his personal injuries.

When the $46,363.61 for Zarate's claim for property damage and penalties is added to his claim personal injuries, Zarate's claims easily exceed $75,000. If surgery is recommended, a herniated disc can satisfy the amount-in-controversy requirement by itself. *See, e.g.*, *Espadron v. State Farm Mut. Auto. Ins. Co.*, No. 10-0053, 2010 WL 3168417, at *3 (E.D. La. Aug. 9, 2010). However, "Louisiana jurisprudence indicates that . . . injuries of herniated cervical disc and cervical spinal stenosis have generated awards greater than $75,000 even without surgery." *McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011) (collecting cases). In cases where the plaintiffs have sustained similar back injuries, general damages awards vary $100,000 and $250,000. *See Rico v. Sewerage & Water Bd. of New Orleans*, 929 So. 2d 143, 152 (La. App. 4 Cir. 2006) (holding that award of $150,000 in general damages for herniated

17

disc, for which surgery was recommended but not performed, was not abusively low).

In fact, several courts require an award of *at least* $50,000 to $100,000. *See Rehm v. Morgan*, 885 So. 2d 687, 693 (La. App. 5 Cir. 2004) ("[A]n award of $50,000.00 [is] the lowest general damage award within the jury's discretion for a non-surgical herniated disc."); *Fontenot v. Laperouse*, 774 So. 2d 278, 285 (La. App. 3 Cir. 2000) ("For similar back injuries that have not been subject to an operation, we have required an award of at least $100,000.00."). Accordingly, even an amount at the low-end of the range of damages for a herniated disc is sufficient, when added to the $46,363.61 for his remaining claims, to meet the amount-in-controversy requirement.

Thus, Defendants have established by a preponderance of the evidence that the amount in controversy exceeds the requisite amount. As discussed above, Plaintiffs have not shown to a "legal certainty" that the amount in controversy does not exceed $75,000, as required to defeat removal. *Grant*, 309 F.3d at 869. Accordingly the Court concludes that it has original jurisdiction under 28 U.S.C. § 1332 over Plaintiff Eulalio Zarate's claims.

The Court may exercise supplemental jurisdiction over Plaintiff Floriberto Sanchez's claims. Where the other elements of diversity jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, 28

18

U.S.C. § 1367 authorizes a court to exercise supplemental jurisdiction over the claims of other plaintiffs in the same case or controversy, even if those claims are for less than the requisite jurisdictional amount. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566-67 (2005). Both Zarate's and Sanchez's claims arise from the same automobile accident that took place on October 13, 2015. Sanchez's claims are closely related to Zarate's claims and form part of the same case or controversy. Thus, the Court concludes that it is proper to exercise of supplemental jurisdiction over Sanchez's claims.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand to State Court for the Lack of Jurisdictional Requisite Amount of 75,000.00, and Imposition of Legal Sanctions* **(Rec. Doc. 9)** is **DENIED**.

New Orleans, Louisiana, this 25th day of May, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE